BLD-267                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1573
_____

WILLIAM STAPLES,

Appellant

v.

WARDEN H.L. HUFFORD, Warden at FCI-SCH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00184)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2012

Before:  SCIRICA, SMITH AND CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 18, 2012)
_____

OPINION
_____

PER CURIAM

William Staples appeals pro se from an order of the United States District Court

for the Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28

U.S.C. § 2241. For the following reasons, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In May 2005, Staples pleaded guilty in the United States District Court for the Eastern District of Wisconsin to one count of wire fraud, 18 U.S.C. § 1343, and one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1); 924(g). At sentencing in October 2005, the District Court classified Staples as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on four Wisconsin state court convictions. He was sentenced to 200 months of incarceration. The United States Court of Appeals for the Seventh Circuit affirmed, rejecting Staples' contention that three of his Wisconsin convictions had been discharged, and therefore should not have been used to enhance his sentence under the ACCA. United States v. Staples, No. 05-4037, 2007 WL 1140286, at *1 (7th Cir. 2007) (not precedential) (noting that "Staples presented no evidence that his rights were restored"). Next, Staples filed a motion pursuant to 28 U.S.C. § 2255 in the Eastern District of Wisconsin, again alleging that he was improperly sentenced under the ACCA because Wisconsin, in discharging his convictions, had restored his right to possess firearms. The District Court denied the § 2255 motion and Staples did not appeal. Thereafter, Staples filed numerous § 2255 motions in the Eastern District of Wisconsin, all of which were dismissed for lack of jurisdiction because Staples did not have the required authorization to file a second or

2

successive § 2255 motion. When Staples requested such authorization from the Seventh Circuit, it was denied.

Staples filed the instant § 2241 petition in January 2012. The District Court dismissed the petition, holding that Staples failed to demonstrate that a motion under § 2255 would be an inadequate or ineffective remedy. Staples filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a

3

crime later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, we allowed the petitioner to proceed under § 2241 because an intervening change in the law decriminalized conduct for which he had been convicted, and he had no earlier opportunity to challenge that conviction. Dorsainvil, 119 F. 3d at 251.

Staples claims that he was improperly classified as a career offender under the ACCA because three of his predicate Wisconsin convictions had been "discharged" and his right to possess firearms had been restored. In support of this allegation, Staples relies on United States v. Vitrano, 405 F.3d 506 (7th Cir. 2005). In that case, the Seventh Circuit Court of Appeals held that a defendant challenging an ACCA sentencing enhancement must show, by a preponderance of the evidence, that his right to ship, transport, possess, or receive firearms specifically has been reinstated. Id. at 510 (stating that an ACCA sentence enhancement is not permitted where a state "creates . . . a false sense of security" by "employ[ing] language in discharging a prisoner that will lull the individual into the misapprehension that civil rights have been restored to the degree that will permit him to possess firearms."). We conclude, however, that Staples' challenge to his sentence under Vitrano is not the rare situation rendering § 2255 inadequate or ineffective. Importantly, we note that Vitrano, which was issued several months before Staples was sentenced, cannot represent a change in law made after his § 2255 motion was adjudicated. Thus, we conclude that the exception identified in Dorsainvil is

4

inapplicable here, and Staples may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241.[1]

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] To the extent that Staples argues that he is innocent of the underlying § 922(g) firearms offense, we similarly conclude that the narrow "safety valve" provided under § 2255 does not apply. In addition, we conclude that none of the other arguments raised in Staples' § 2241 petition entitle him to relief.